Mr. Chief Justice Sharkey
delivered the opinion of the court.
This action of replevin was brought by the plaintiff in *163 error, whose property had been attached for rent under the statute.
Two bills of exceptions were taken on the trial. The first raises this question: When a cause has been set under the provisions of the statute (H. & H. Dig. 619, sec. 27,) for a particular-day, can the court, after the term has commenced, change the order of business by re-setting the causes differently? Generally it could not do so. 3 S. & M. 127. But causes of this description seem to constitute an exception to. the rule; they are triable at the return term, without regard to the order of priority. H. & H. Dig. 562, sec. 61. By construing the two statutes together, the one creates an exception to the general rule prescribed by the other.
The second bill of exceptions raises objections to the evidence and the charges of the court. It seems that the avowant had, on a former occasion, instituted proceedings by attachment for rent of the premises, in which the plaintiff had given bond to pay the rent within three months, as the statute provides. The bond was relied on in the present case to establish the leasing; but it had been lost, which fact was shown by the affidavit of Verden, and thereupon parol proof was admitted of its contents.
The objections now taken are, that one of the witnesses was asked to state the yearly value of the premises, and also to the charges of the court.
The officer, who levied the former attachment, stated that he received such a bond, for rent due on the same premises; but he does not state for what amount the bond was given, or for what length of time the rent secured by it was due. Another witness states, that he drew a bond for $ 112, the sum due, but he does not state for what length of time the rent was in arrear. The bond may have been given to cover one or five years’ rent. The bond affords a strong presumption of the leasing, but there is nothing to establish the yearly price, except the statement of the witness, that the premises were worth four or five dollars per month.
A careful examination of the statute authorizing an attach *164 ment for rent, (H. & H. Dig. 568, sec. 46, 47,) has led us to concur in the view urged by counsel, that there must be a special contract; a lease, either written, or a valid verbal lease, before the owner of the premises can be entitled to the remedy. On the strength of the special contract he must recover. The plaintiff sued out his attachment for fifty dollars, but this was no evidence of the price agreed on. The lessor cannot be permitted to introduce proof applicable only in case of an implied contract, when he must recover on a special contract. As he introduced proof of a special contract, he cannot recover as on an implied one, unless the case be such, that if there had been no special contract, he could recover on an implied one; but it is not; in this form of proceeding there must be a special contract. If the bond was the best evidence of the lease, it might also have furnished evidence of the yearly price; but it was not used for that purpose, nor does the proof of its contents show any thing on that' subject. The bond may have been given for five years’ rent for any thing that appears. The lessor cannot drop the price agreed on and recover the yearly value. The value of the premises, as stated by the witness, evidently controlled the jury. For this error, the judgment must be reversed, and the cause remanded.